OPINION
SMITH, Circuit Judge.
On June 30, 2006, Ronald Gallo began serving a three to twelve month term of imprisonment at the Washington County Correctional Facility in Washington County, Pennsylvania. The health care screening form noted that the day before his incarceration Gallo had been prescribed an antibiotic for an infected finger on his left hand, which had been incised and drained. The following day, an order was issued to continue the course of antibiotic therapy. A progress note dated July 3, 2006, indicated that the finger was “doing better” and that Gallo was to keep the wound clean and open.
In late August, Gallo complained of a “bite on his left elbow” and sought medical treatment. Warm compresses were prescribed. The following morning, Gallo was examined by a licensed practical nurse and a dressing was applied to the affected area, which was notable for the presence of a tan-colored drainage. A physician’s assistant assessed the area the following day, obtained a culture and sensitivity, incised and drained the wound, and prescribed an antibiotic. The culture revealed that Gallo had an infection caused by methicillin resistant staphylococcus au-reus (MRSA). As a result, Gallo’s antibiotic was changed to one that was effective against MRSA.
On September 19, Gallo requested a sick call because of pain in his left thigh and knee, which he attributed to playing basketball the previous week. Although this request was denied, a second request was granted on September 22. Physical examination revealed that Gallo had difficulty ambulating. He was transferred to the medical unit for observation, treated with over-the-counter analgesics, and directed to elevate his leg and to apply ice. Further evaluation on September 25 revealed no redness or swelling of the leg, or the presence of a fever. On September 27, a request was made for an evaluation by a physician, and Dr. Richard Aprea examined Gallo. He ordered an x-ray of the leg, crutches, ice to the affected area, and Ibuprofen, an anti-inflammatory agent. The x-ray showed no fracture or dislocation. On September 29, Gallo developed a fever. The medical staff contacted Dr. Aprea, who referred Gallo to the Washington Hospital Emergency Room for evaluation. Gallo was subsequently diagnosed with a MRSA infection in his left thigh affecting his muscles and his femur. Gallo required multiple surgeries and an extensive course of medical treatment.
On April 10, 2008, Gallo initiated a civil action, under 42 U.S.C. § 1983, against Washington County, Warden Joseph Pel-zer, and Nurse Cheryl McGavitt, alleging that they were deliberately indifferent to his medical needs in violation of the Eighth Amendment to the United States Constitution. In addition, Gallo brought state law claims for medical malpractice against his *173 treating physicians and a physician’s assistant. All defendants moved for summary judgment and the District Court granted their motions as to the federal claims. The Court held that while the evidence may have been sufficient to establish negligence, it was insufficient to establish the culpability required for a § 1983 action claiming deliberate indifference. The Court declined to exercise supplemental jurisdiction over the state law claims, and dismissed them.
This timely appeal followed.[1] Gallo contends that the District Court erred in granting the motions for summary judgment against the prison defendants. We will affirm.
After a de novo review of the record, we conclude that the District Court properly granted summary judgment as to Gallo’s claim against Nurse McGavitt. Gallo contends that there were genuine issues of material fact as to whether Nurse McGavitt violated his constitutional rights by providing “inadequate medical care” following the positive MRSA culture and his persistent complaints of leg pain in September. In Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court instructed that “an inadvertent failure to provide adequate medical care” does not constitute deliberate indifference. Id. at 105, 97 S.Ct. 285. Thus, negligence in “treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.” Id. at 106, 97 S.Ct. 285. Rather, in order to survive summary judgment, Gallo must demonstrate that Nurse McGavitt acted with a “conscious disregard” of his serious medical needs. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.1999) (citing Farmer v. Brennan, 511 U.S. 825, 842, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); and Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). Yet the facts adduced by Gallo demonstrate that the prison medical staff, including Nurse McGavitt, was actively engaged in efforts to alleviate his pain, and to diagnose and to treat his condition. Accordingly, we will affirm the District Court’s grant of summary judgment on Gallo’s deliberate indifference claim against Nurse McGavitt.
Gallo contends that the District Court also erred in granting summary judgment in favor of Washington County and Warden Pelzer on his claim of municipal liability for deliberate indifference. He asserts that the evidence of record established actual knowledge of the threat of MRSA in the facility, and a failure by the facility to implement policies to address that threat. He also points to the existence of a policy that required inmates to sanitize their own cells, provided that the facility was not in lockdown, and claims that this policy placed the inmates directly at risk of infection.
Municipal liability, as Monell v. Department of Social Services teaches, hinges on whether a “government’s policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy,” causes the violation of a constitutional right. 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), the Supreme Court instructed that municipal liability
*174 attaches where — and only where — a deliberate choice to follow a course of action is made from among various alternatives by [municipal] policymakers. Only where a failure to [act] reflects a “deliberate” or “conscious” choice by a municipality — a “policy” as defined by our prior cases — can a [municipality] be liable for such a failure under § 1983.
Id. at 389, 109 S.Ct. 1197 (citation omitted).
Thus, in the context of this case, the question is whether the evidence demonstrates that the correctional facility made a deliberate choice not to take reasonable steps to address a substantial risk of serious harm to an inmate. Id. at 390, 109 S.Ct. 1197; see Helling v. McKinney, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993) (affirming that an inmate “states a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to levels of [environmental tobacco smoke] that pose an unreasonable risk of serious damage to his future health”); Farmer, 511 U.S. at 837, 114 S.Ct. 1970 (considering the showing needed for a deliberate indifference claim based on a failure to prevent harm to an inmate). Relevant to this inquiry is the extent to which the risk of harm was obvious and whether the failure to implement a policy or policies to address that harm was likely to result in the violation of Gallo’s constitutional right. Hams, 489 U.S. at 390, and 396-97, 109 S.Ct. 1197 (O’Connor, J., concurring) (observing that whether policymakers had notice that a particular omission was substantially certain to result in a constitutional violation will inform the deliberate indifference analysis). Furthermore, because Gallo’s claim asserts a violation of the Eighth Amendment, he must establish both that the prison officials were “aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [that they] ... dr[ew] the inference.” Farmer, 511 U.S. at 837 and 841, 114 S.Ct. 1970 (instructing that the objective standard set forth in Hams “is not an appropriate test for determining the liability of prison officials under the Eighth Amendment”). In other words, Gallo’s Eighth Amendment claim requires a “showing that the official was subjectively aware of the risk.” Id. at 829, 114 S.Ct. 1970.
Here, Gallo has not satisfied his burden of establishing facts sufficient to support his municipal liability claim. The evidence adduced is sufficient to establish actual knowledge by Warden Pelzer of the existence of MRSA and that a few inmates in the facility may have been infected with the pathogen, and constructive knowledge by Warden Pelzer that additional policies could have been implemented in an effort to decrease the risk of contracting MRSA in a correctional facility. But the evidence of record does not show that the officials of the Washington County Correctional Facility were subjectively aware that the policies in effect were so inadequate that they resulted in the inmates being exposed to a substantial risk of contracting infection by MRSA. Accordingly, we will affirm the District Court’s order granting summary judgment on Gallo’s municipal liability claim against Washington County and Warden Pelzer.

. The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of summary judgment and apply the same standard that the district court should have applied. Nunez v. Packman, 578 F.3d 228, 230 (3d Cir.2009).